# Richmond.

## MANSFIELD v. COMMONWEALTH.

### November 18, 1926.

1. INTOXICATING LIQUORS—*Possession—Evidence Held not to Support Conviction.*—In the instant case defendant was convicted of a second violation of the prohibition law. The only evidence as to this second violation was that of a deputy sheriff, who said that he went to the home of defendant and her husband and upon entering her house there were present, the defendant, her husband, sick in bed upstairs, and a white woman, and that defendant was attempting to break a pint bottle that contained liquor. He also testified that defendant's reputation in regard to the violation of the prohibition law was bad. The justice of the peace who issued the search warrant also testified that defendant had the reputation of "handling liquor" and the certificate of the evidence stated that it was further proven that defendant had been convicted prior to this time of unlawful possession of liquor. Defendant proved by four witnesses that the white woman, present at the time of defendant's arrest, had come to the house of defendant and brought with her a suitcase containing three pints of liquor, unknown to defendant; that when defendant came upstairs and found the liquor she tried to get the woman to take the liquor away and that defendant was in the act of breaking one of the bottles when the deputy sheriff came in and arrested her.

   *Held:* That this evidence would not support a conviction.

2. INTOXICATING LIQUORS—*Testimony of Commonwealth and Defendant not in Conflict—Testimony of Commonwealth Consistent with Innocence.*—Where, in a prosecution for the possession of intoxicating liquor, the testimony of the defendant in nowise conflicts with the testimony of the Commonwealth, and is not contradicted directly or indirectly, and the testimony for the Commonwealth is entirely consistent with the innocence of the defendant, a verdict of guilty cannot stand.

3. CRIMINAL LAW—*Verdict—Evidence Capable of two Interpretations, one Consistent with the Innocence of the Accused—Duty of Jury.*—Where a fact is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, the jury cannot arbitrarily adopt that interpretation which incriminates him.

4. INTOXICATING LIQUORS—*Evidence—Question as to the Compensation of the Officer Making Arrest—Argument of Counsel—Comment on Statutory Fee of Officer Making Arrest.*—In the instant case the court refused to permit the defendant to ask the officer who had arrested her to state the compensation he would receive from making the arrest, if defendant was convicted, in addition to that for an ordinary arrest. It was not claimed that any reward was offered or that the officer was to receive any compensation other than the statutory fee.

*Held:* That there was no error in the court's ruling. The statute fixed the fee and no other evidence on that subject was needed. If the statutory fee was deemed to create a bias or interest in the deputy, it was a legitimate subject of comment without other evidence on the subject.

5. INTOXICATING LIQUOR—*Husband and Wife—Presumption that Liquor Belonged to Husband—Instructions—Case at Bar.*—In the instant case, a prosecution for the unlawful possession of liquor, the court refused to instruct the jury that if they believed that at the time of the arrest of defendant she and her husband were living together as man and wife in their home and that the liquor was found in their home, the presumption was that the liquor belonged to her husband. The whole theory of the defense, based upon the most positive evidence, was that the liquor was the property of another and that neither the defendant nor her husband had anything to do with it.

*Held:* That there was no error in refusing the instruction.

6. CRIMINAL LAW—*Presumption and Burden of Proof—Positive Evidence.*—There is no room for presumption where there is positive affirmative evidence on the subject.

Error to a judgment of the Circuit Court of Albemarle county.

*Reversed.*

The opinion states the case.

*E. O. McCue* and *W. O. Fife,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile,* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

Ida Mansfield was convicted of a second violation of the prohibition law (laws 1924, chapter 407), and sentenced to confinement in the penitentiary for one year.

[1] The only evidence of this second violation offered by the Commonwealth was the testimony of the deputy sheriff who made the arrest, which was as follows: "That sometime during January, 1925, he went to the home of Peyton and Ida Mansfield, and upon entering the house there was present Ida Mansfield, Peyton Mansfield, her husband, sick in bed upstairs, Margaret Grant, a white woman, and that Ida Mansfield was attempting to break a pint bottle that contained liquor. That Ida Mansfield's reputation was that she had the reputation of handling liquor."

A justice of the peace testified that he issued a search warrant to the deputy sheriff, and that "Ida Mansfield had the reputation of handling liquor," and the certificate of the evidence states that "it was further proven that Ida Mansfield had been convicted prior to this time of unlawful possession of liquor, and had also served a term in the penitentiary on conviction, in federal court, both of which she denied." For what offense she was convicted in federal court does not appear. This was all of the evidence offered by the Commonwealth.

The defendant, in addition to her own testimony, proved by four witnesses who agree in all substantial particulars, that a white woman, Margaret Grant, came to the house of the defendant and brought with her a suit case containing three pints of liquor; that at the time the defendant was downstairs in her house and knew nothing about the liquor; that Margaret Grant placed the liquor in one of the table drawers in the rooms; that when the defendant came upstairs and

found the liquor there, she tried to get Margaret Grant to take the liquor away, and that the defendant was in the act of breaking one of the bottles of liquor when the deputy sheriff came in and arrested her.

[2] This testimony in no wise conflicts with the testimony for the Commonwealth, and was not contradicted, directly or indirectly. The testimony for the Commonwealth is entirely consistent with the innocence of the defendant, and when this is true a verdict of guilty cannot stand.

[3] While the jury had the power to convict, they had no right to do so. As said in *Burton & Conquest* v. *Commonwealth*, 108 Va. 892, 899, 62 S. E. 376: "Where a fact is equally susceptible of two interpretations, one of which is consistent with the innocence of the accused, they cannot arbitrarily adopt that interpretation which incriminates him."

The verdict of the jury will have to be set aside for lack of evidence to support it.

[4] Exception was taken to the ruling of the trial court in refusing to permit the defendant to ask the deputy sheriff, on cross-examination, the following question: "Please state what compensation you received for making the arrest in this case, in event the defendant is convicted, in addition to the ordinary arrest for a misdemeanor or a felony."

It is not claimed that any reward was offered, or that the deputy was to receive any compensation other than the fee allowed by the statute for making the arrest. There was no error in this ruling. The statute fixed the fee and no other evidence on that subject was needed. If the statutory fee was deemed to create a bias or interest in the deputy, it was a legitimate subject of comment without other evidence on the subject.

Exception was also taken to action of the trial court

in refusing to give the following instruction on motion of the defendant:

[5, 6] "The court instructs the jury that if they believe from the evidence that at the time of the arrest of the defendant that she and her husband, Peyton Mansfield, were living together as man and wife in their home and that liquor was found in their home, that the presumption of law is that the liquor belonged to the husband, and unless the Commonwealth shows beyond a reasonable doubt that the liquor belonged to the defendant, or that she had it in her possession, they must find her not guilty."

There was no error in this ruling.    There is no room for presumption where there is positive, affirmative evidence on the subject.    The whole theory of the defense, based upon the most positive evidence, was that the liquor was the property of Margaret Grant, and that neither the defendant nor her husband had anything to do with it.

For the reasons hereinbefore stated, the judgment of the trial court will be reversed, the verdict of the jury set aside, and the case remanded to the trial court for a new trial, if the Commonwealth shall be so advised.

*Reversed.*

CHICHESTER, J., dissenting:

I cannot concur in the conclusion reached by Judge Burks in this case, for the following reasons:

The Commonwealth made out a *prima facie* case against the accused, Ida Mansfield—that is, it proved that as a result of a search of her premises, under a warrant issued for the purpose, the defendant was discovered with a pint bottle containing liquor which she attempted to break.

It must be conceded that, in the absence of any explanation of the circumstances under which the defendand was arrested, this evidence was sufficient to support a verdict of unlawful possession of ardent spirits under the prohibition statute.  The accused undertook to explain away the presumption raised by the Commonwealth's evidence by attempting to point out the guilty party.  She says, and it is true that she is supported by four other witnesses, that a woman by the name of Margaret Grant brought the liquor to her (the defendant's) house, and that she did not own or possess it, or have anything to do with it.

The question before this court is, whether this evidence, introduced by and on behalf of the accused, rebutted the *prima facie* case made out by the Commonwealth, *as a matter of law*, or whether this question, under the circumstances of this case, was one for the jury.

Of course, the general proposition is conceded, that where evidence introduced by a defendant is perfectly consistent with the evidence introduced by the Commonwealth (and which has made out a *prima facie* case of guilt), and fully explains the circumstances which raised the presumption, there can be no conviction. But if the evidence vouched in explanation is in conflict with the evidence for the Commonwealth, or if it falls short of fully or satisfactorily explaining the incriminating evidence or circumstances against the accused, as a matter of law, the question is one for the jury.

I think the instant case falls within this rule, not because there is any direct testimony which renders the evidence introduced on behalf of the accused an incomplete or unsatisfactory explanation of the situation in which the accused was found when arrested, but

because of the circumstances of the case and the fair inferences which the jury had a right to draw from all the evidence in the case as it was finally submitted to them.

The opinion does not give any weight to those facts and circumstances. It ignores the undisputed fact that the accused had a bad reputation as a violator of the prohibition law, and had been previously convicted of violating it. It ignores the fact that although the defendant testified that Margaret Grant had brought the liquor to her house *early* in the morning of the day of the arrest, she only appears to have decided to get rid of it by breaking the bottle at the exact moment the officers appeared to search her premises, a very pregnant coincidence to say the least. It ignores the fact that although at the trial, all these witnesses testified that some person, by the name of Margaret Grant, brought the liquor to defendant's house, it nowhere appears that Margaret Grant has ever acknowledged that she was the guilty party; has ever been indicted or tried for the offense, or that she is a fugitive from justice. It is not, of course, incumbent upon any one accused of crime to point out the guilty party, but when one seeks to exculpate himself from the throes of a *prima facie* case made out against him, by undertaking to point out the guilty party, he must do so in no uncertain way, if he expects a court to say as a matter of law that he has rebutted the presumption. If he falls short of doing this, it is a question for the jury to say whether the presumption has been rebutted and not one for the court.

If a presumption of guilt can be legally rebutted by the bare naming of a person as the perpetrator of the crime, an open door to immunity from punishment is offered to all persons accused of crime. It may be,

under such circumstances, that the accused and the witnesses supporting her are telling the truth, but the question of whether they are or not in this case is, I think, one for the jury.

I therefore think the verdict of the jury should be upheld, and the judgment of the court affirmed.

WEST, J., concurs in this dissent.