# Richmond

## M. Pardue v. Commonwealth of Virginia.

November 20, 1944.

Record No. 2873.

Present, All the Justices.

The opinion states the case.

*T. E. Kellam* and *W. R. Ashburn,* for the plaintiff in error.

*Abram P. Staples, Attorney General;* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

Upon complaint, this warrant issued:

"State of Virginia,
"Princess Anne County, to-wit
"To any Constable of said County to Execute:
"WHEREAS: E. J. Fentress of the said county, has this day made complaint and information on oath before me, a Justice of the Peace *a Justice* of said County, that M. Pardue of said County on the 24th day of Jan. 1944, in said County did unlawfully have in his possession in excess of one gallon of alcoholic beverages not bearing stamps or other evidence of having been purchased from the Va. A. B. C. Board in violation of section 50 of Va. A. B. C. Act, against the peace and dignity of the Commonwealth of Virginia.

"THESE ARE THEREFORE, in the name of the Commonwealth, to command you forthwith to apprehend and bring before The Trial Justice of said County, the body of the said M. Pardue to answer the said complaint, and to be further dealt with according to law.

"Given under my hand and seal, this 24th day of Jan. 1944.

R. P. Minton J. P. (Seal)"

It was heard by a trial justice, who fined the defendant $500 and sentenced him to confinement in jail for thirty days (jail sentence suspended). He appealed to the Circuit Court of Princess Anne county but was again found guilty and fined $250. From that judgment he has appealed and has been awarded a writ of error.

Pursuant to the mandate of this warrant, agents of the Virginia Alcoholic Beverage Control Board went to the defendant's home at Virginia Beach and advised him of the purpose of their visit. He told them that he had liquor in his home. They found 49 cases of whiskey and some bottles in broken cases, all valued at about $3,000. He told them that this liquor had been purchased by him through a series of years in Maryland, New Jersey and the District of Columbia; that all of it had been legally obtained in due course of trade from legitimate dealers, but that none of it had been

purchased through the Virginia Alcoholic Beverage Control Board or its agents. His statement is nowhere questioned and must be accepted as true. *Mansfield* v. *Commonwealth,* 146 Va. 279, 135 S. E. 700; *Lunsford* v. *Commonwealth,* 180 Va. 273, 23 S. E. (2d) 145; *Epperson* v. *De Jarnette,* 164 Va. 482, 180 S. E. 412.

·These purchases in the aggregate are large, but the defendant is not the first citizen to provide against what promised to be a long, dry spell. Prevision is not a crime.

The third paragraph of section 50 of the Alcoholic Beverage Control Act relied upon by the Commonwealth reads:

"Alcoholic beverages in the possession of any person in amounts in excess of one gallon, in containers not bearing stamps or other evidence showing the same to have been purchased from the Board or a person licensed to sell the same under the provisions of this act or other evidence that the tax due to the Commonwealth of Virginia or the markup required by Virginia Alcoholic Beverage Control Board has been paid, shall be deemed for the purposes of this act to have been illegally acquired."

The trial court was of opinion that this presumption was conclusive and that the absence of our State stamps made the accused guilty as a matter of law and so instructed the jury. In this it was wrong.

The Legislature cannot by fiat make white black or declare that something is illegal when uncontradicted and conceded evidence shows it to be legal.

If a citizen of Arlington county should, in due course, buy a gallon of whiskey in Washington and take it home, and if, when this supply threatened to run out, he were to go to Washington and buy another gallon, he would have in his home more than a gallon of whiskey, unstamped by the Virginia Alcoholic Beverage Control Board or its agents. And yet plainly he would not be guilty of a crime; which takes us back to this: Possession alone is not necessarily evidence of·any crime, and that we have already held to be the law.

In *Miller* v. *Commonwealth*, 172 Va. 639, 2 S. E. (2d) 343, this court said: "However, if liquor has been legally acquired, neither the nature or state of the container, nor the form and contents of the labels and seals placed thereon change the means or method of its acquisition. The absence of stamps or seals upon the container may create an inference or presumption that the laws and regulations governing the manner, means, or source of acquisition have not been observed. When such an inference is made a legal presumption, the effect is to require a satisfactory explanation or evidence to overcome it."

To the same effect are the late cases of *Smith* v. *Commonwealth*, 182 Va. 585, 30 S. E. (2d) 26, and *Powers* v. *Commonwealth*, 182 Va. 669, 30 S. E. (2d) 22. In the latter case, the court cited *Sutherland* v. *Commonwealth*, 171 Va. 485, 198 S. E. 452, to this effect:

"The *Sutherland Case, supra*, hinged on proof of possession of unstamped ardent spirits found on premises occupied by more than one person. We held that the mere presence of liquor on the premises of an owner or occupant was not sufficient, in the absence of statute, to overcome the presumption of the innocence of the defendant occupant."

Possession is, of course, a necessary ingredient of the offense charged but with it, and to complete the offense, this whiskey must have been illegally acquired; and since it was not, the defendant is not guilty.

*Reversed.*

Gregory, J., dissenting.