BERNARD ULYSSES BASS v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7767.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*A. Russell Beazley, Jr. (Anderson, Haw, Parkerson & Beazley,* on brief), for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Bernard Ulysses Bass, the defendant, was convicted by a jury of the rape of Evelyn Smith, a female over the age of sixteen years, and his punishment was fixed at five years in the penitentiary. To the final order approving the verdict and imposing the sentence, the defendant was granted a writ of error.

The sole question to be decided is whether the trial court erred in admitting into evidence a report of the Chief Medical Examiner showing that certain "slides" submitted in the name of Evelyn Smith were positive for spermatozoa. The Commonwealth relied upon this report to corroborate the essential element of penetration of the prosecutrix.

The defendant, who denied the charge against him, contends that the report should not have been admitted because the substance tested

by the Chief Medical Examiner was not identified as having been taken from Evelyn Smith. Our recital of the evidence will be limited to that applicable to the narrow question presented.

Following the report to the police of the alleged rape, Evelyn Smith was taken by Detective V. A. Weaver to the Medical College of Virginia. There, she was examined by "the doctor." The doctor did not testify and, although she was asked, Mrs. Smith did not say what occurred at the hosiptal. So the only evidence of what happened at the hospital came from Weaver. He stated in his testimony that he was not present in the room where Mrs. Smith "was being examined" but that "the doctor . . . brought [the slides] out and tagged them" with Evelyn Smith's name. This is all the record discloses about the events at the hospital.

Thus, as the defendant contends, there was no evidence sufficiently identifying the substance examined by the Chief Medical Examiner as having been taken from Evelyn Smith. The crucial question then becomes whether the report of the Chief Medical Examiner was thereby rendered inadmissible.

The Commonwealth argues that under Code § 19.1-45, admission of the report was "mandatory" notwithstanding that the substance tested was not identified as having been taken from Evelyn Smith. The question of identity, the Commonwealth says, would go to the weight of the evidence and not its initial admissibility. We do not agree.

Code §19.1-45, so far as is pertinent here, provides that reports of investigations made by the Chief Medical Examiner shall be received as evidence in any court proceeding. We said in *Robertson* v. *Commonwealth*, 211 Va. 62, 175 S.E.2d 260 (1970), that the effect of Code § 19.1-45 was to make reports of investigations of the Chief Medical Examiner admissible as prima facie evidence of the facts stated therein, thus obviating the necessity of summoning as witnesses those persons performing the particular tests involved. The Code section, therefore, merely constitutes a statutory exception to the hearsay rule and does not eliminate the necessity of identifying the substance tested with the person from whom obtained. *Robinson* v. *Commonwealth*, 212 Va. 136, 138, 183 S. E.2d 179, 180 (1971).

Nor do we agree with the Commonwealth's further argument that in view of other evidence showing commission of rape upon Evelyn Smith, admission of the report was harmless. One of the crucial issues in the case was whether Evelyn Smith had in fact been raped. The

contents of the report bore directly upon that issue and may have been sufficient to tilt the scales in the Commonwealth's favor.

We hold, therefore, that the failure to identify the substance tested by the Chief Medical Examiner as having been taken from Evelyn Smith rendered his report inadmissible. Having so held, we find it unnecessary to answer the defendant's further argument that the Commonwealth failed to establish all the vital links in the chain of custody of the slides in question after they were prepared by the doctor.

The judgment appealed from will be reversed and the case remanded for a new trial.

*Reversed and remanded.*