## Richmond

### WILLIE STANLEY BOONE v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7783.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Barry S. Comess,* for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Willie Stanley Boone, defendant, was indicted for the crime of robbery. He pleaded not guilty and was tried by a jury. At the conclusion of the Commonwealth's case, Boone moved the court to strike the evidence, which motion was overruled. Boone offered no evidence in his behalf and the case was submitted to the jury. The jury found Boone guilty of grand larceny and fixed his punishment at fifteen years in the State penitentiary. Boone then moved the court to set aside the verdict as being contrary to the law and evidence. The court overruled the motion and sentenced defendant in accordance with the jury's verdict. We granted Boone a writ of error to that judgment.

The sole issue involved in this appeal is whether the evidence is sufficient to sustain the verdict.

On October 3, 1970, at about 9:45 p.m. the Food Circus Grocery

Store, located on the Jefferson Davis Highway in Richmond, was held up by three armed Negro males. About $1,600 in currency and coin was taken. The coins were in Central National Bank wrappers. Fourteen rolls of bus tokens were also taken. The assistant manager of the store was forced to put the money and tokens into a U. S. Mint bag. He also put into the bag two books of bus passes and an envelope used as a record for a welfare ticket. Although the participants in the robbery were unmasked, none of the persons in the store was able to identify them.

State Trooper D. W. MacKenzie, at 11:35 p.m. on October 3, was requested to investigate an automobile accident at Bacon's Castle in Surry County.[1] He arrived at the scene of the accident about 12:25 a.m. the next day. Two vehicles were involved in the accident. One was a 1970 Chevrolet coupe. MacKenzie learned that four Negro males had occupied this car and that Coyal Person, Jr., a resident of Newport News, was the operator. The other occupants were Robert Carter and Boone, residents of Newport News, and James Freeman, a resident of Hampton. All were injured and hospitalized. MacKenzie testified, however, that he did not see Boone either at the scene of the accident or at the hospital.

At a hospital in the Hampton area, a nurse turned over to MacKenzie a large sum of money taken from one of the men (not identified) who had occupied the Chevrolet coupe. At about 7:30 a.m. on October 4, MacKenzie drove to Seward Motor Company in Surry County where the damaged cars had been towed. His purpose was to secure any valuables left in the cars.

When he opened the right door of the coupe, he noticed two ten dollar bills in a brown paper bag and a large amount of loose change on the floorboard. In the trunk of the car was found approximately $1,500, three pistols, a sawed-off shotgun, a white envelope, two books of bus passes, rolls of coins, and bus tokens. The rolls of coins were labeled "Central National Bank" and the envelope was a record for a welfare ticket. No readable fingerprints were found on the items removed from the car.

Person, the driver of the coupe, was called as a witness for the Commonwealth. He testified that he had picked up Boone about five or ten minutes before the accident, and that he did not know Boone before offering him a ride. When asked if he had been tried "on this matter," Person invoked the Fifth Amendment. On cross

---

1 Bacon's Castle is approximately fifty miles from Richmond.

examination, Person said that he had picked up Boone near "Surry" or "Bacon's Castle" just minutes before the accident.

During argument on the motion to strike, the trial judge remarked that he would strike the evidence but for the testimony of Person. According to the trial judge, Person's testimony created a jury issue concerning Boone's involvement in the crime. Boone argues here, as he did in the court below, that Person's testimony exonerated him.

In *Hall* v. *Commonwealth*, 178 Va. 22, 16 S.E.2d 304 (1941), Hall was convicted of voluntary manslaughter. His son and his brother-in-law were called as witnesses for the Commonwealth. Their testimony showed that Hall killed the victim in self-defense, and there was no evidence to the contrary. On appeal this Court reversed the conviction and pointed out that their testimony was positive, affirmative and not inherently improbable, and that it came from witnesses whose credibility the Commonwealth had vouched. 178 Va. at 27, 16 S.E.2d at 305.

We are of opinion that the case at bar is controlled by the principles enunciated in *Hall*. The testimony of Person, a Commonwealth's witness, was positive, unimpeached and not inherently improbable. It was neither inconsistent nor contrary to any other testimony or the physical evidence. As we have noted, none of the participants in the robbery was identified nor were there any readable fingerprints on the items removed from the car in which Boone was riding. Essentially, Person's testimony exonerated Boone. Under these circumstances, the jury was not entitled to disregard any part of his testimony. The evidence, therefore, is not sufficient to sustain the verdict.

For the reasons stated, the judgment appealed from is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*