## Richmond

WILLIE STANLEY BOONE v. COMMONWEALTH OF VIRGINIA.

March 5, 1973.

Record No. 8063.

Present, All the Justices.

*John C. Baker*, on brief, for plaintiff in error.

*Andrew P. Miller, Attorney General; Robert E. Shepherd, Jr., Assistant Attorney General*, on brief, for defendant in error.

Case submitted on briefs.

HARMAN, J., delivered the opinion of the court.

Willie Stanley Boone (Boone or defendant),[1] after waiving a trial by jury, was convicted by the trial courts of a violation of the "Sawed-off" shotgun Act, Code §§ 18.1-268.1 to 268.9, and sentenced to a term of ten years in the state penitentiary. We granted a writ of error.

---

[1] A related case involving the same defendant has already been reviewed by this court. *Boone v. Commonwealth*, 212 Va. 686, 187 S.E.2d 178 (1972).

The dispositive question here is whether the trial court erred in admitting certain evidence over the defendant's objection that it was hearsay.

At about 11:30 p.m. on October 3, 1970, an automobile crash involving two cars occurred at Bacon's Castle in Surry County. One of the vehicles involved, a blue 1970 two-door Chevrolet, was occupied by four black men.

The other car was occupied by a white couple. The occupants of both cars were injured, and all of them were moved by ambulance from the scene of the crash to Obici Memorial Hospital in Suffolk.

State Trooper Donald Wayne MacKenzie (MacKenzie), the investigating officer, did not learn the names of any of the victims at the crash scene and could not identify the defendant as having been present there. None of the other witnesses identified the defendant as having been present at the crash scene.

MacKenzie, in making his investigation of the accident, later went to Obici Memorial Hospital where he saw two of the crash victims, Joseph Eugene West and Coyle V. Person, Jr. The trooper obtained the names and addresses "of the people who came in" from the hospital records. Over the defendant's objection, MacKenzie was permitted to testify that one of the names he obtained that night from the hospital records was "James Boone" and that the hospital records were later "corrected" to show the name "Willie Stanley Boone." These hospital records were not tendered nor were they admitted as evidence.

Certain records of Portsmouth General Hospital were authenticated and admitted in evidence. These records established that Willie Stanley Boone was admitted to Portsmouth General Hospital on October 4, at 2:10 a.m., as a transfer patient from Obici Memorial Hospital. The defendant, while not objecting generally to admission of these records, did object to a note in the record by the admitting nurse that "Ambulance driver states he (Boone) was in an auto accident" on the ground that this was hearsay and should not have been considered by the court.

We find that both of these objections by the defendant have merit.

The record clearly shows the testimony of Trooper MacKenzie that the defendant was "one of the people who came in" to Obici Memorial Hospital was not based upon MacKenzie's personal knowledge but upon his examination of the hospital records. Since this evidence was hearsay evidence which did not fall within one of the

recognized exceptions to the hearsay rule, the defendant's objection should have been sustained.

We likewise find that portion of the Portsmouth General Hospital records which recorded a hearsay statement by the ambulance driver to the admitting nurse was inadmissible, and that this portion of the hospital records should not have been admitted and considered by the trial court.

While we have adopted the modern Shopbook Rule, allowing in given cases the admission of verified regular entries without requiring proof of the original observers or record keepers, as an exception to the hearsay rule, *Dalton* v. *Johnson, Adm'x,* 204 Va. 102, 129 S.E.2d 647 (1963), we have generally restricted this exception, as well as other exceptions to the rule created by statute, to facts or events within the personal knowledge and observation of the recording official to which he could testify if he were called as a witness. *See, e.g., Bailey, Adm'x* v. *Hunter, Inc.,* 207 Va. 123, 148 S.E.2d 826 (1966); *Bass* v. *Commonwealth,* 212 Va. 699, 187 S.E.2d 188 (1972); *Williams* v. *Commonwealth,* 213 Va. 45, 189 S.E.2d 378 (1972).

The judgment of the trial court is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*