COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

JOSEPH SIMON COOK

v.       Record No. 0326-94-3            MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
TOWN OF WYTHEVILLE                          JULY 18, 1995

          FROM THE CIRCUIT COURT OF WYTHE COUNTY
                    Willis A. Woods, Judge

          Randolph D. Eley, Jr., for appellant.

          No brief or argument for appellee.


     Joseph Simon Cook (appellant) was convicted in a bench trial
of driving under the influence, second offense, in violation of
Wythe County Code § 8-4 and Virginia Code § 18.2-266.  On appeal,
he contends that the trial court erred in finding that:  (1) he
was in the presence of the magistrate when the police officer
testified about the circumstances of the arrest, and (2) he was
arrested within two hours of the time of the offense as required
by Code § 18.2-268.2(A).  For the reasons that follow, we affirm
the conviction.

                          **BACKGROUND**

     On August 1, 1993, Officer James Harrington (Harrington) of
the Town of Wytheville Police Department saw appellant driving in
the Town of Wytheville.  At 12:47 a.m., appellant made a wide

------

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

1

turn and the front wheel of his car crossed into the on coming lane. Harrington stopped appellant at 12:51 a.m., detected the smell of alcohol on his breath, and conducted several field sobriety tests. Harrington testified that he arrested appellant at 1:02 a.m., but on cross-examination, Harrington agreed that the time of arrest may have been a few minutes later at 1:09 to 1:10 a.m. Harrington's notes prepared that morning indicated that appellant was arrested at 1:02 a.m.

After arresting appellant, Harrington took him to the magistrate's office. Harrington testified that he and appellant were both present before the magistrate, whose office had a window that opened into a narrow hallway. Harrington stopped at the window, and appellant was either standing within one to two feet or was seated on a bench directly across from the window. Harrington stated: "He and I were together. He was in my presence when I explained to her (the magistrate) what happened. As I recall we were both in the hallway together at the open window, which does not have a glass." The magistrate issued the warrant at 1:20 a.m.; the breath test analysis was conducted after the issuance of the warrant at 1:59 a.m.; and Harrington executed the warrant at 2:03 a.m. Appellant testified that he did not make eye contact with the magistrate before the breath test and that he was not present when the officer told the magistrate about the offense.

## RIGHT TO APPEAR BEFORE THE MAGISTRATE

2

Appellant argues that he was not "brought forthwith before a magistrate" because he did not have the opportunity to speak with the magistrate and was not in the magistrate's line of vision. We disagree.

> Code § 19.2-82 provides as follows:
>> A person arrested without a warrant shall be brought forthwith before a magistrate or other issuing authority having jurisdiction who shall proceed to examine the officer making the arrest under oath. . . .
>
>> As used in this section the term "brought before a magistrate or other issuing authority having jurisdiction" shall include a personal appearance before such authority or any two-way electronic video and audio communication meeting the requirements of § 19.2-3.1, in order that the accused and the arresting officer may simultaneously see and speak to such magistrate or authority.

"In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). "'The finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed.'" Yates v. Commonwealth, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987) (quoting Lane v. Commonwealth, 184 Va. 603, 611, 35 S.E.2d 749, 753 (1945)).

When viewed in the light most favorable to the Commonwealth,

3

the evidence established that Harrington and appellant were both present before the magistrate when Harrington explained the basis for the arrest.  Appellant was in a narrow hallway, either standing within one to two feet of Harrington or seated on a bench directly across from the magistrate's window.  The trial judge did not abuse his discretion in accepting Harrington's testimony and not that of appellant.

## TIME OF ARREST

Appellant also argues that the Commonwealth failed to prove that he was arrested within two hours of the offense as required by Code § 18.2-268.2(A).  If he was not arrested within the two-hour time limit, then he cannot be deemed to have consented to the breath test, and the certificate of analysis was inadmissible.

> Code § 18.2-268.2(A) provides as follows:
> Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is <u>arrested for violation of § 18.2-266 or of a similar ordinance within two hours of the alleged offense.</u>

(Emphasis added).  The "alleged offense" in a drunk driving case is the conduct of operating a vehicle on a public highway while under the influence of alcohol.  <u>Overbee v. Commonwealth</u>, 227 Va. 238, 242, 315 S.E.2d 242, 244 (1984).

4

The record in this case established that Harrington saw appellant driving at 12:47 a.m. and stopped him at 12:51 a.m. Neither of these times was questioned by appellant on cross-examination. Thus, the two-hour time limit must be measured from the 12:47 a.m. time. Harrington's notes reflected a time of arrest of 1:02 a.m., but on cross-examination, appellant showed that the time of arrest could have been closer to 1:09 or 1:10 a.m. The magistrate issued an arrest warrant at 1:59 a.m., and Harrington executed the warrant at 2:03 a.m. We hold that Harrington clearly arrested appellant within the two-hour time limit. Both the initial arrest at 1:02 a.m. to 1:10 a.m. and the later execution of the warrant at 2:03 a.m. were "within two hours of the alleged offense," which occurred when appellant was last seen driving his vehicle at 12:47 a.m.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.