COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


TONY BENJAMIN COUNCIL
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2691-97-1        JUDGE RICHARD S. BRAY
                                         DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert W. Curran, Judge

        (Kevin M. Diamonstein, on brief), for
        appellant.  Appellant submitting on brief.

        Steven A. Witmer, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Tony B. Council (defendant) was convicted in a bench trial

for robbery and related firearms charges.  Defendant complains on

appeal that the court "abused [its] discretion" in rejecting his

defense of duress and, instead, "believing the testimonies" of

several Commonwealth witnesses.  Finding no error, we affirm the

convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we construe

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence disclosed that defendant entered a Be-Lo grocery store on January 28, 1997, proceeded to a cashier line, and demanded money from the clerk, Shoshoni Douglas.  When Douglas did not immediately comply, defendant displayed a "sawed-off shotgun."  Douglas then surrendered the contents of her cash drawer to defendant, and he fled the store.  Douglas' testimony was corroborated by Angela Grimes and Tammy Marsh, other employees of the grocer present during the offenses. Grimes and Marsh further testified that defendant exited the store and ran from the scene alone.

Store security guard Raleigh Perry first observed defendant when he approached the market, accompanied by two men.  Defendant initially remained outside while the other two entered the store. However, shortly thereafter, Perry saw defendant in the cashier line, followed by one of the remaining two men, later identified as Joseph Breedlove.  Perry testified that defendant "whispered something" to Douglas and "ran out of the . . . door and . . . across the parking lot by himself."

Relying upon the defense of duress, defendant testified that he owed Breedlove money for drugs and committed the robbery at his direction, after Breedlove threatened him with a pistol. Defendant claimed that Breedlove provided the shotgun to defendant, escorted him inside, and, still armed with the pistol,

watched nearby as defendant robbed Douglas. Afterwards, the three fled together, leaving defendant no opportunity to escape or seek assistance without risk of life.

The credibility of a witness and the weight accorded the testimony are matters solely within the province of the trial court, and its findings will not be reversed on appeal unless plainly wrong or without evidence to support them. See Yates v. Commonwealth, 4 Va. App. 140, 143, 355 S.E.2d 14, 15-16 (1987) (citation omitted); Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc) (citation omitted). "In its role of judging witness credibility, the fact-finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that [he] is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citing Speight, 4 Va. App. at 88, 354 S.E.2d at 98).

Here, the trial court concluded that "the defense of duress [was] not available to . . . defendant because there was certainly opportunity to escape and reasonable opportunity to avoid committing a crime without being harmed."[1] However, the court declined to reach that issue because it did not "think that it's been established that all this business about drugs and guns

---

[1]"To support a defense of duress, a defendant must demonstrate that his criminal conduct was the product of an unlawful threat that caused him reasonably to believe that performing the criminal conduct was his only reasonable opportunity to avoid imminent death or serious bodily harm, either to himself or to another." Sam v. Commonwealth, 13 Va. App. 312, 324, 411 S.E.2d 832, 839 (1991) (citations omitted).

happened in the first instance." The court, therefore, simply disbelieved defendant. Discounting defendant's testimony, the Commonwealth's evidence was clearly sufficient to prove beyond a reasonable doubt that defendant was guilty of robbery and the related firearms charges.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>