COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


KODI F. McCOLLUM, S/K/A
 KODI McCULLUM
                                    MEMORANDUM OPINION* BY
v.    Record No. 2281-98-1         JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 9, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                      Westbrook J. Parker, Judge

         Theophlise Twitty (Jones & Twitty, on brief),
         for appellant.

         Eugene Murphy, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     On appeal from his bench trial convictions of attempted

robbery, in violation of Code §§ 18.2-58 and 18.2-26, discharge

of a firearm in an occupied building, in violation of Code

§ 18.2-279, use of a firearm in the commission of a felony, in

violation of Code § 18.2-53.1, and possession of a firearm after

having been convicted of a felony, in violation of § 18.2-308.2

Kodi F. McCollum contends that the evidence was insufficient to

support the convictions.  Finding no error, we affirm the

judgments of the trial court.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On January 22, 1998, Vanessa Gutliffe was in the rear of the Daily Bread Sub Shop when she heard someone yelling, "Give me the money, give me the money." She thought the man was joking with her co-worker, so she finished washing some dishes. When she returned to the front of the restaurant, she saw a man wearing a ski mask with a gun in his hand. Although she did not know his name, she recognized him as a regular customer. As she turned away from the counter, the gunman fired the gun into the cash register and became increasingly threatening. The two women ran to the back of the restaurant and called the police.

Gutliffe told the police that the assailant's girlfriend, Jarnice Brown, who was also a regular customer, had been standing outside waiting for him. Gutliffe, who is five feet, four inches, tall, described the gunman as shorter than she, perhaps five feet, one inch, or five feet, two inches, tall. She said that he had a pecan-colored complexion and hazel eyes. She described his clothing. When the police dispatched the

description of the gunman, they stated that he was believed to be the boyfriend of Jarnice Brown. Deputy Sheriff J. A. Wyche found McCollum, whom he knew to be Brown's boyfriend, about one hundred yards from the sub shop. At trial, Deputy Wyche described McCollum as five feet, two inches, tall. However, at trial, McCollum was measured at five feet, five inches. An earlier arrest card gave his height as five feet, five inches.

Gutliffe testified that although the gunman was wearing a ski mask, she could see his eyes, which she described as hazel. She also could see enough of his face to recognize him as a regular customer, although she did not know his name. The day after the crime, Deputy Sheriff J. E. Covington, Jr., showed Gutliffe a photo array of six pictures. She positively identified McCollum as the gunman. She identified him again at trial.

McCollum contends that the evidence is insufficient to support his convictions. He argues that because Gutliffe described the gunman as being two to three inches shorter than she, her testimony is incredible in light of his measurement in court and his listed height on the previous arrest card.

The sufficiency of the evidence depends on the reliability of Gutliffe's identification of McCollum as the gunman. See Smallwood v. Commonwealth, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992). Factors determining the reliability of an identification include

-

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Townes v. Commonwealth, 234 Va. 307, 331, 362 S.E.2d 650, 663-64 (1987), cert. denied, 485 U.S. 971 (1988), quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

We cannot say as a matter of law that the testimony of Deputy Wyche and Gutliffe was inherently incredible merely because they were mistaken about McCollum's height. Gutliffe unequivocally identified McCollum both in a photo array and at trial. She described other features, such as his complexion and eye color, without error.

McCollum presented an alibi witness, his aunt. The trial court observed the witnesses, saw McCollum being measured in court, and weighed the evidence. The trial court believed Gutliffe and the deputy, rather than the defense witness. "[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of the jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed." Yates v. Commonwealth, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987) (citation omitted).

-

The judgments of the trial court are affirmed.

Affirmed.