### Richmond

## WILLIAM BOYD SWINSON

### v.

## COMMONWEALTH OF VIRGINIA

No. 2300-91-2

Decided August 17, 1993

924

COUNSEL

Michael HuYoung (Jane Chittom, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—William Boyd Swinson appeals his conviction of obtaining money by false pretenses in violation of Code § 18.2-178. He alleges that the evidence was insufficient and that his punishment for a third offense was an improper sentence enhancement pursuant to Code § 19.2-297. We reverse the conviction and remand for a new trial because obtaining money by false pretenses is not the same offense as petit larceny for purposes of enhancement under Code § 19.2-297.

On December 20, 1990, appellant entered the Sears store in Colonial Heights. Katherine Walker, a Sears employee, observed appellant as he crossed the parking lot to enter the store and noted that

he was empty-handed. Appellant proceeded to the children's department. Appellant approached the register in the children's department carrying two snowsuits worth $57.98 and indicated that he wanted to exchange them for a number of other items of clothing and receive the difference, $12.15, in cash. Sue Ellen Bransford, a security guard who was called to the scene by Walker, was suspicious of appellant and doubted that he had purchased the snowsuits. Nonetheless, she completed the return. Bransford gave appellant the bag of items and cash he requested in exchange for the snowsuits. Bransford asked appellant to accompany her to an office "to find out a little bit more about the situation." Appellant agreed. Bransford questioned appellant about the snowsuits, and appellant ultimately admitted to removing the items from a rack and attempting to "return" them.

Appellant was convicted of obtaining money by false pretenses as a third offense larceny, after having been previously convicted of two grand larcenies. *See* Code §§ 18.2-178 and 19.2-297. He was sentenced to five years in the penitentiary, with all but twelve months in jail suspended.

### I.

Appellant first contends that the evidence was insufficient to convict him of obtaining money by false pretenses because the sales clerk did not rely on appellant's misrepresentations when the fraud was accomplished. We disagree.

■ The evidence must be read in the light most favorable to the Commonwealth and it must be afforded all reasonable inferences fairly deducible from the evidence. *Higginbotham v. Commonwealth*, 216 Va. 349, 350, 218 S.E.2d 534, 537 (1975).

■ The Commonwealth must prove four elements in order to convict appellant of obtaining goods by false pretenses: (1) intent to defraud; (2) actual fraud; (3) use of false pretenses to perpetrate the fraud; and (4) the false pretenses must have induced the owner to part with the property. *Bourgeois v. Commonwealth*, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976).

■ The element of obtaining goods by false pretenses at issue here is that the "accomplishment of the fraud [must be] by means of the false pretenses used for the purpose, that is, the false pretenses *to some degree* must have induced the owner to part with the property." *Id.* (emphasis added).

Contrary to appellant's argument, the fact that Bransford suspected that appellant had not previously purchased the snowsuits did not preclude her from relying upon appellant's misrepresentations. At trial, Bransford stated she had "personal doubts" and that "I did not know that [appellant had taken the snowsuits off the rack] at that time [when appellant asked her to make the exchange]."

■ Here, the evidence demonstrates and the trial court found that, despite her suspicion, Bransford did not know whether appellant had removed the snowsuits from the rack, and that Bransford relied upon the appellant's misrepresentation that he was returning the items when Bransford completed the sales transaction. "[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed." *Yates v. Commonwealth*, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987).

Thus, we hold that sufficient evidence supports appellant's conviction of obtaining money by false pretenses.

## II.

Appellant argues that Code § 19.2-297 does not authorize a punishment enhancement of a conviction for obtaining money by false pretenses, but only authorizes enhancement of a petit larceny conviction with any prior offenses "deemed to be larceny." We agree with appellant.

Code § 19.2-297 provides in pertinent part:

When a person is convicted of *petit larceny*, and it is alleged in the indictment . . . that he has been before sentenced in the United States for any larceny or any offense deemed to be larceny by the law of the sentencing jurisdiction . . . for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

(emphasis added).

■ Code § 19.2-297 refers to a present conviction of "petit larceny" to be enhanced by "any [prior] offense deemed to be larceny." When two terms, such as "petit larceny" and "any offense deemed to be larceny"' are contained in the same penal statute it is presumed the legislature intended each term have a different meaning. *See Campbell*

*v. Commonwealth*, 13 Va. App. 33, 409 S.E.2d 21 (1991), *reh'g granted*, 14 Va. App. 988, 421 S.E.2d 652 (1992), *aff'd in part*, 246 Va. 174, 431 S.E.2d 648 (1993). If the legislature had intended for "any offense deemed to be larceny," such as obtaining money by false pretenses, to be enhanced by any prior conviction of an "offense deemed to be larceny," the legislature would have stated so in Code § 19.2-297. The legislature, however, chose only to enhance a "petit larceny" charge.

█ Penal statutes "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." *Crews v. Commonwealth*, 3 Va. App. 531, 536, 352 S.E.2d 1, 3, *appeal refused*, 360 S.E.2d 715 (Va. 1987).

We hold that only a conviction of "petit larceny" in violation of Code § 18.2-96 may be enhanced by a prior conviction of an offense "deemed to be larceny" by Code § 19.2-297.

We reverse and remand the conviction for a new trial on the charge of obtaining money by false pretenses pursuant to Code § 18.2-178, a misdemeanor.

*Reversed and remanded.*

Benton, J., and Fitzpatrick, J., concurred.