## Norfolk

WILLIE DANIEL WOODSON

v.

COMMONWEALTH OF VIRGINIA

No. 0257-92-1

Decided June 15, 1993

COUNSEL

Andrew G. Wiggin (Office of the Public Defender, Virginia Beach, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This criminal defendant appeals a conviction of petit larceny after having been previously convicted of larceny. The trial court denied the defendant's request that the jury be instructed that defendant's previous convictions of larceny should not be considered in determining his guilt or innocence but should only be considered in fixing punishment if his guilt was established by other evidence.[1] We hold that this instruction should have been given.

During the trial, a witness identified the defendant as the person she saw stealing several steaks, each valued at between four and five dollars, from a grocery store. In addition, the prosecution introduced conviction orders showing that the defendant had been convicted of larceny on two previous occasions.

The defendant's previous convictions of larceny are not elements of the offense for which he was convicted. Evidence of the convictions, however, is evidence which, if believed, enhances the punishment for the petit larceny for which he was on trial. *See Scott v. Commonwealth*, 217 Va. 425, 427, 230 S.E.2d 236, 237-38 (1976) (per curiam).

Two statutory provisions apply. If the jury found that the defendant stole the steaks from the grocery store, he was guilty of "simple larceny not from the person of another of goods and chattels of the value of less than $200." Code § 18.2-96. Having once concluded that the defendant stole the steaks, the jury was required also to determine if he had "been before sentenced in the United States for any larceny." Code § 19.2-297. If so, the defendant was to be "confined in jail not less than thirty days nor more than twelve months; and for a third,

---

[1] The requested instruction was as follows: "The fact that the defendant was previously convicted of similar offenses is not evidence that he is guilty of petty [sic] larceny and you should not consider it as to his guilt or innocence on this charge, but only in fixing punishment if guilt is proven by other evidence."

or any subsequent offense,'' he was to be found guilty of a Class 6 felony. *Id.*[2] The fact that the defendant had previously been convicted of two larcenies was not, therefore, an element of the offense with which he was charged; however, upon conviction of petit larceny, the defendant's sentence would be enhanced upon proof that he had previously been convicted of a like offense. *See Scott,* 217 Va. at 427, 230 S.E.2d at 237-38.

A cautionary instruction to the jury is appropriate in a trial on a charge of petit larceny under the enhanced punishment provisions of Code § 19.2-297. *See Brown v. Commonwealth,* 226 Va. 56, 59, 307 S.E.2d 239, 240 (1983). Such an instruction should direct the jury not to consider a defendant's previous convictions in determining guilt or innocence. *Id.* The failure to give a cautionary instruction to the jury explaining the limited purpose for which evidence of his prior convictions was admitted was error. *See Marshall v. Commonwealth,* 5 Va. App. 248, 257, 361 S.E.2d 634, 639-40 (1987).

We are unable to say that the error in failing to give the requested instruction was harmless. The witness's ability to observe the defendant at the time of the offense was questionable and the defendant's statements to the police were ambiguous. The evidence of the defendant's guilt was not, therefore, so overwhelming and the error so insignificant by comparison that we can say that the error could not have affected the verdict. *See Hooker v. Commonwealth,* 14 Va. App. 454, 457 n.2, 418 S.E.2d 343, 345 n.2 (1992); *Hanson v. Commonwealth,* 14 Va. App. 173, 189-91, 416 S.E.2d 14, 24 (1992).

The defendant's conviction is, therefore, reversed, and the matter is remanded for a new trial, if the prosecution so elects.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.

---

[2] Code § 19.2-297 reads as follows:

When a person is convicted of petit larceny, and it is alleged in the indictment on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before sentenced in the United States for any larceny or any offense deemed to be larceny by the law of the sentencing jurisdiction, he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.