**Alexandria**

JESSE JAMES ESSEX

v.

COMMONWEALTH OF VIRGINIA

No. 1209-92-4

Decided April 5, 1994

Counsel

Richard J. McCue (Nicholas J. Chabra and Associates, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—A jury convicted Jesse James Essex, appellant, of knowingly and intentionally possessing a firearm after having been convicted of a felony, possession of a "sawed-off" shotgun, and disorderly conduct. Essex argues that the trial court erred in allowing the Commonwealth to admit the specific nature of his prior felony conviction for murder for the purpose of proving his status as a convicted felon. Because this evidence was relevant to prove an essential element of a violation of Code § 18.2-308.2(A), we hold that it was admissible. We also hold that the record supports the trial judge's determination that the Commonwealth's peremptory jury strikes were not in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); that the court did not err in allowing a witness to testify as an expert in gunshot residue; that Essex waived any double jeopardy claim by failing to timely raise it in the trial court; and that the evidence was sufficient to support the convictions.

Until 1989, Code § 18.2-308.2(A) made it a crime for persons convicted of "Class I, II or III felony, rape or robbery, or a felony involving the use of a firearm under the laws of the Commonwealth" to possess a firearm. While that statute was in effect, we held in *Glover v. Commonwealth*, 3 Va. App. 152, 162, 348 S.E.2d 434, 441 (1986), *aff'd*, 236 Va. 1, 372 S.E.2d 134 (1988), that a defendant could not by stipulation prevent the Commonwealth from proving the nature of his prior felony conviction.

We held as follows:

> The Commonwealth . . . is not obliged to enter into an agreement whereby it is precluded from putting on its evidence simply because the defendant is willing to make a qualified stipulation. The trial court correctly ruled that the Commonwealth was entitled to prove the indictment, and the evidence of [the defendant's] prior conviction for robbery was properly received for that purpose. [The defendant's] willingness to stipulate does nothing to change that conclusion.

*Id.* at 162, 348 S.E.2d at 441.

In 1989, the General Assembly modified the statute and made it unlawful for any person "who has been convicted of a felony" to possess a firearm. *See* Code § 18.2-308.2(A). Thus, after 1989, the Commonwealth is required only to prove that a defendant has been convicted of any felony, as opposed to a felony specifically enumerated in the pre-1989 statute. For that reason, appellant contends that *Glover* does not control his case and that the Commonwealth need not prove the nature of the felony. Therefore, appellant argues, the trial court erred in allowing the Commonwealth to prove his murder conviction to the jury. We disagree.

Evidence tending to show commission of other offenses is not admissible in a criminal trial if its only relevance is to show the character of the accused or his disposition to commit a similar offense. *Williams v. Commonwealth*, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). If, however, evidence of another crime tends to prove "any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows [the defendant] to have been guilty of another crime." *Pugliese v. Commonwealth*, 16 Va. App. 82, 91, 428 S.E.2d 16, 23 (1993); *see Farmer v. Commonwealth*, 10 Va. App. 175, 179, 390 S.E.2d 775, 776-77 (1990), *aff'd en banc*, 12 Va. App. 337, 404 S.E.2d 371 (1991).

We hold that the rationale set forth in *Glover* controls this case. An authenticated court order which proves that an accused has been convicted of a specific felony is relevant and admissible to prove an essential element of a violation of Code § 18.2-308.2. In *Glover*, we held that it was proper to admit an authenticated court order showing that Glover had been convicted of a crime listed in the statute to prove that he had been convicted of the specifically enumerated felony listed in Code § 18.2-308.2. 3 Va. App. at 162, 348 S.E.2d at 441. Although the Commonwealth is no longer required to prove conviction of a specific felony, it still must prove the conviction of some felony. The Commonwealth is not required to accept a stipulation. The most efficient way to prove the prior felony conviction is to offer in evidence an authenticated copy of the prior order of conviction. After admission of the order, the Commonwealth should request the judge to take

judicial notice that the offense mentioned in the order is a felony.

■ The authenticated court order showing that Essex had been convicted of murder tends not only to prove a material issue, but a necessary and required element of the offense. Thus, the probative value of the evidence is necessarily greater than the incidental prejudice to the accused. Where a necessary element of the Commonwealth's case is that the accused is a convicted felon, evidence which tends to directly prove that fact cannot be excluded on the ground that its proof is prejudicial to the accused. *See Glover*, 3 Va. App. at 161, 348 S.E.2d at 441. *See also Williams v. Commonwealth*, 203 Va. at 841, 127 S.E.2d at 426; *Hall v. Commonwealth*, 143 Va. 554, 561, 130 S.E. 416, 418-19 (1925). Such prejudice may be alleviated by a jury instruction limiting the purpose for which the evidence is offered. *Woodson v. Commonwealth*, 16 Va. App. 539, 541, 431 S.E.2d 82, 84 (1993).

■ Essex also cannot dictate which felony conviction the Commonwealth may offer into evidence to prove his felon status. Although it is true that the Commonwealth could have proven the prior felony conviction element of the indictment by tendering a copy of Essex's prior burglary conviction order instead of the murder charge, "an accused cannot, without stipulation of guilt, require the Commonwealth to pick and choose among its proofs, [and] to elect which to present and which to forego." *Pittman v. Commonwealth*, 17 Va. App. 33, 35, 434 S.E.2d 694, 696 (1993). In *Pittman*, the defendant was charged with third offense of petty larceny, and we upheld the trial court's ruling allowing the Commonwealth to prove more than two prior larcenies.

> [T]he Commonwealth was obliged to prove that Pittman was guilty of a third or subsequent offense. Evidence of the third, fourth, fifth and sixth prior offenses tended to prove that he was guilty of an offense subsequent to the third, a crime defined in the statute and charged in the indictment. . . . [T]he Commonwealth was not obliged to have faith that the jury would be satisfied with any particular one or more of the items of proof.

*Id.* at 35-36, 434 S.E.2d at 696. It follows that if the Commonwealth can prove multiple convictions when it only needs to prove one, the Commonwealth may select any one of the prior convictions to prove its case. *See Hudson v. Commonwealth*, 9 Va. App.

110, 112-13, 383 S.E.2d 767, 768-69 (1989).

Accordingly, we hold that the trial court did not abuse its discretion when it allowed the Commonwealth to present evidence that specifically identified Essex's prior felony conviction as murder.

## II.

Secondly, Essex argues that the trial court erred in allowing the Commonwealth to strike the only member of the jury panel who was of the same race as appellant. The Commonwealth's explanation for a peremptory strike must be pursuant to neutral and non-discriminatory guidelines. *Batson v. Kentucky*, 476 U.S. 79, 85-86 (1986). On appeal, the trial court's finding that the strike was race neutral is entitled to great deference. *Spencer v. Commonwealth*, 238 Va. 295, 310, 384 S.E.2d 785, 795 (1989) (citing *Batson*, 470 U.S. at 98 n.21), *cert. denied*, 493 U.S. 1093 (1990). *See also Hernandez v. New York*, 500 U.S. 352 (1991).

According to the Commonwealth's attorney, the juror was stricken because his voir dire response indicated an attitude regarding the possession and use of firearms by private citizens which the Commonwealth's attorney thought might have been more favorable to the defendant than the Commonwealth. The trial judge determined that the Commonwealth provided a racially neutral reason for striking the juror. Accordingly, because the trial judge's finding was not plainly wrong, we affirm that finding.

## III.

Next, Essex argues that the trial court erred in allowing Julien J. Mason, Jr. to testify as an expert in gunshot residue. "Whether a witness may qualify as an expert is a matter that rests largely [with]in [the] trial court's discretion. The trial court's decision will not be disturbed on appeal unless it clearly appears that the witness was not qualified." *Hubbard v. Commonwealth*, 12 Va. App. 250, 255, 403 S.E.2d 708, 710 (1991), *aff'd*, 243 Va. 1, 413 S.E.2d 875 (1992); *see Spencer*, 238 Va. at 313, 384 S.E.2d at 796.

Here, the evidence shows that the trial court correctly allowed Julien J. Mason, Jr. to testify as an expert qualified in firearms and as an expert in gunshot residue. Mason had been em-

ployed with the state forensics laboratory for over ten years and had received specialized training from the FBI which had covered emissions onto the hand of the person firing the gun. "A witness who has 'sufficient knowledge of his subject to give value to his opinion' may testify as an expert. 'All that is necessary is that he be better qualified than the jury to form an inference from the facts.'" *Aster v. Gross*, 7 Va. App. 1, 7, 371 S.E.2d 833, 837 (1988) (citations omitted). Because the record supports the trial court's finding that the witness had such knowledge, the trial judge did not err in allowing Mason to testify as an expert.

### IV.

Essex next argues that his convictions for possession of a sawed-off shotgun and possession of a firearm after having been convicted of a felony constitute double jeopardy and violate Code § 19.2-94. Because Essex failed to raise his double jeopardy claim until after his conviction, the claim was not timely raised and was therefore waived. Rule 3A:9; *see Evans & Smith v. Commonwealth*, 226 Va. 292, 308 S.E.2d 126 (1983); *Driver v. Seay*, 183 Va. 273, 32 S.E.2d 87 (1944). We also hold that Essex has not shown good cause to overcome his waiver. *See Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

### V.

Finally, Essex argues that the evidence was insufficient to sustain his convictions. When a defendant challenges the sufficiency of the evidence, we are required to review the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The record supports each of Essex's convictions. The evidence that Essex struggled after his arrest and that it took five police officers and the use of Mace to subdue him after his arrest sufficiently supports his disorderly conduct conviction. Three witnesses testified that they had seen Essex on the day of his arrest with a "sawed-off" shotgun. Essex's fingerprints were found on a shotgun which was found by the police in his house. The Commonwealth introduced the conviction order showing Essex's conviction of murder, a felony. Thus, his challenge to the sufficiency of the evidence on the charges of possession of a "sawed-off" shotgun and

possession of a firearm after having been convicted of a felony is without merit.

*Affirmed.*

Fitzpatrick, J., and Duff, S.J.,* concurred.

---

\* Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.