COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia

DAVID THOMAS DIAZ

v.          Record No. 0912-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  MAY 23, 1995

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kenneth N. Whitehurst, Jr., Judge

Andrew G. Wiggin (Office of the Public
Defender, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.

David Thomas Diaz contends that the trial court erred in
allowing the Commonwealth to introduce evidence of prior
convictions during the trial of an indictment for concealment of
merchandise.  We find no error and affirm the judgment of the
trial court.

Diaz was indicted on a felony charge of concealment, third
offense, pursuant to Code § 18.2-104(b).  At trial, the
Commonwealth introduced certified copies of two prior
convictions.  These were admitted into evidence over the
objections of defense counsel.

Diaz first contends that Code § 18.2-104(b) permits
evidence of prior convictions only when the trial is on a warrant

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

or information.  The statute, as written at the time of his trial, did not use the word "indictment."  Diaz argues that Code § 18.2-104 is a penal statute and "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute."  Swinson v. Commonwealth, 16 Va. App. 923, 927, 434 S.E.2d 348, 350 (1993).

We find Diaz's argument untimely under Rule 3A:9(b) and (c).  Rule 3A:9(b) requires "objections based on defects in the institution of the prosecution . . . must be raised by motion within the time prescribed by paragraph (c) . . . ."  Paragraph (c) requires that the motion "shall be filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial."  Rule 3A:9(c).  Diaz's contention addresses the sufficiency of an indictment as a vehicle charging the felony of third offense concealment of merchandise.  Thus, his argument asserts a defect in the institution of the prosecution.  Because Diaz did not assert this objection until the day of trial, his assertion was untimely.

Diaz next contends that the two prior convictions were not elements of the crime charged.  He cites Woodson v. Commonwealth, 16 Va. App. 539, 431 S.E.2d 82 (1993), in support of this contention.  Woodson did not concern third offense concealment of merchandise, but rather the enhanced penalty for recidivist petit larceny.  In Woodson, we said "[t]he defendant's previous convictions of larceny are not elements of the offense for which

he was convicted," but were "evidence which, if believed, enhances the punishment for the petit larceny for which he was on trial." Id. at 540, 431 S.E.2d at 83.

Diaz was not charged with misdemeanor concealment. He was charged with concealment, third offense, which is a felony. To convict him, the Commonwealth was required to prove he had committed two previous larceny crimes. See Webb v. Commonwealth, 17 Va. App. 188, 190, 436 S.E.2d 284, 285 (1993). Thus, the prior convictions were admissible into evidence in order to satisfy required elements of proof. See Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 696 (1993).

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.