COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


ELLIOTT NATHANIEL MILES

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0074-01-2             JUDGE ROSEMARIE ANNUNZIATA
                                              APRIL 30, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            C. David Whaley (Anthony G. Spencer;
            Morchower, Luxton & Whaley, on brief), for
            appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     A jury convicted Elliott Nathaniel Miles of possessing a

firearm by a felon, in violation of Code § 18.2-308.2(A), and

sentenced him to five years in prison.  Miles seeks to have the

indictment dismissed or to be re-sentenced.  For the reasons that

follow, we affirm.

                            Background

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, the party prevailing below, and grant to that

evidence all reasonable inferences that may be drawn.  Ortega v.

Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000)

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(citations omitted).  So viewed, the record in this case establishes that deputies of the Richmond City Sheriff's Office arrested Miles on May 6, 2000 for trespassing at 6531 Midlothian Turnpike in the City of Richmond.  In a search incident to his arrest, the deputies discovered a loaded and operable revolver in Miles' front waistband; the gun was covered by his shirt.  At trial, the Commonwealth introduced a certified copy of an order entered on November 1, 1996, in the Circuit Court of the City of Richmond, convicting Miles of unlawful wounding.

In a motion made prior to jury selection, defense counsel argued that the indictment in the case was fatally defective on the ground that it did not specify the prior felony that formed the basis of the grand jury's indictment.  Defense counsel stated that Miles had been previously convicted of both possession of cocaine with intent to distribute and unlawful wounding.  Depending on the felony proved, counsel argued, Miles faced different sentencing outcomes.[1]  Defendant had not moved for a bill of particulars.

---

[1] Code § 18.2-308.2(A) provides, in pertinent part:

> [A]ny person who violates this section . . .
> and was previously convicted of a violent
> felony as defined in § 17.1-805 . . . shall be
> sentenced to a minimum, mandatory term of
> imprisonment of five years.  Any person who
> violates this section . . . and who was
> previously convicted of any other felony
> . . . shall be sentenced to a minimum,
> mandatory term of imprisonment of two years.

-

The trial court found that the indictment was not fatally defective, stating, <u>inter</u> <u>alia</u>, that the defect, if any, could be cured by a bill of particulars. The trial judge ultimately opined that the grand jury had to have based its indictment on both prior felonies and denied the defense motion to dismiss the indictment.

At trial, the Commonwealth limited its proof of Miles' status as a felon to his prior conviction for unlawful wounding. Accordingly, the court instructed the jury to convict Miles if it found that the evidence proved beyond a reasonable doubt that Miles possessed a firearm and had been convicted of a felony, "to wit: unlawful wounding." Defense counsel objected to the instruction on the ground that the indictment did not designate unlawful wounding as Miles' prior felony. The trial court overruled the objection and, after deliberations, the jury convicted Miles and sentenced him to five years confinement.

## Analysis

On appeal, Miles contends that his conviction should be reversed on the ground that: (1) the evidence at trial varied from the grand jury evidence regarding the specific prior crime alleged; and (2) the trial court erred in instructing the jury that Miles' prior conviction for unlawful wounding was an element of the offense. Miles also argues, in the alternative, that the matter should be remanded for re-sentencing and that the jury be permitted to consider his non-violent felony as the predicate. For the reasons that follow, we affirm.

-

Miles' claim that the evidence relied upon by the grand jury to indict him fatally varied from the evidence presented at trial is procedurally barred. He did not present this claim to the trial court. Rule 5A:18.[2] In addition, he failed to file a bill of particulars. See Mueller v. Commonwealth, 15 Va. App. 649, 652-53, 426 S.E.2d 339, 341 (1993) (declining to address appellant's contention that he was indicted for a different crime from which he was convicted because he did not file a bill of particulars to clarify the indictment).

Furthermore, we find no error in the trial court's instruction to the jury that "an element of the offense was that the defendant has been convicted of a felony, 'to wit: unlawful wounding.'" Proof of conviction for "some" felony is required for a conviction for possession of a firearm by a convicted felon. Code § 18.2-308.2(A). This element may be established by proof of "any one of the [defendant's] prior convictions . . . ." Essex v. Commonwealth, 18 Va. App. 168, 172, 442 S.E.2d 707, 710 (1994). In this case, the Commonwealth presented evidence of Miles'

---

[2] Miles contends that his claim is preserved by his argument at trial that the indictment was defective because it did not specify his prior conviction. However, that argument is directed at the validity of his indictment rather than the validity of his conviction, which he claims on appeal. Therefore, we do not consider the merits of his claim on appeal. See Collado v. Commonwealth, 33 Va. App. 356, 367, 533 S.E.2d 625, 631 (2000) ("Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.").

-

conviction for unlawful wounding.  Therefore, the instruction conformed to the proof at trial and was properly granted.

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>

-