COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


JELEEKO DEFOREST NICHOLS
                                              MEMORANDUM OPINION[*] BY
v.      Record No. 2299-05-3                   JUDGE WILLIAM G. PETTY
                                                  JANUARY 9, 2007
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                            Jonathan M. Apgar, Judge

            Paul A. Dull (Brumberg, Mackey & Wall, P.L.C., on brief), for
            appellant.

            Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


       Appellant, Jeleeko Deforest Nichols, was convicted of possessing a firearm as a convicted

felon, in violation of Code § 18.2-308.2, following a bench trial. Nichols maintains that the

evidence was insufficient to establish that he was a felon at the time he possessed the firearm. We

disagree and affirm his conviction.

                                    I. BACKGROUND

       "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). On February 14, 2004, Police Officer Jerry

Abrams and Probation Officer Todd Carroll stopped a car in which Nichols was a passenger after

observing litter being thrown from it. When the officers approached the car, they noticed Nichols,

who was in the rear passenger seat, leaning down towards the floorboard and behaving in a

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suspicious manner. After the officers demanded to see Nichols' hands, they discovered that he was holding a loaded ammunition clip for a firearm. The police searched the car and found a 9mm semi-automatic handgun near where Nichols had been sitting.

At trial, the Commonwealth submitted a certified copy of an order of conviction dated June 23, 2003, in which the court found Nichols guilty of a felony and set sentencing for a later date.[1] The Commonwealth did not introduce a copy of the sentencing order. However, Probation Officer Carroll testified that Nichols was on probation the night of the arrest. Additionally, Nichols took the stand and admitted that he had been previously convicted of a felony, although he did not specify the date on which he had been convicted.

At the close of all of the evidence, Nichols moved to strike on the ground that the conviction order was insufficient to prove that he had been previously convicted of a felony because the order did not include the sentence for that conviction. The trial court denied Nichols' motion to strike, explaining that while the conviction order would have been insufficient by itself to establish Nichols' status as a felon, "all the evidence, including his admission under oath on the stand today that he is, in fact, a convicted felon, is sufficient for the Commonwealth to sustain their burden."

## II. ANALYSIS

When the sufficiency of the evidence is challenged on appeal, the judgment of the trial court "is presumed correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). Also, "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988).

---

[1] Nichols pled guilty and was convicted of the felony of shooting into an occupied dwelling, in violation of Code § 18.2-279.

Nichols argues that the order the Commonwealth introduced into evidence was not a final conviction order since it did not include a sentence, and was therefore insufficient to establish that he was a felon at the time of the present offense. Thus, Nichols reasons that our Supreme Court's holding in Palmer v. Commonwealth, 269 Va. 203, 208, 609 S.E.2d 308, 310 (2005), requires reversal in this case. In Palmer, our Supreme Court held that four juvenile and domestic relations district court petitions and disposition orders, which did not contain any orders of adjudication and were unclear as to whether Palmer was charged with grand larceny or burglary as a minor, were insufficient by themselves to prove the prior convictions. Id. at 206-07, 609 S.E.2d at 309-10.

The holding in Palmer does not, however, apply in this case. While Nichols is correct that the Commonwealth had the burden to prove the prior conviction beyond a reasonable doubt since its existence was an element of the crime with which he was charged, Palmer does not limit the means by which the Commonwealth may prove a prior conviction. See id. at 207, 609 S.E.2d at 310. On the contrary, it is well settled that, "'[w]hile the most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order of conviction,' the prior conviction may be proved by *any competent evidence*." McBride v. Commonwealth, 24 Va. App. 30, 33-34, 480 S.E.2d 126, 128 (1997) (quoting Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994); citing 39 Am. Jur. 2d Habitual Criminals § 27 (1968)) (citations omitted) (emphasis added).

Here, in contrast to Palmer, the Commonwealth introduced not only the conviction order memorializing Nichols' guilty plea to the felony charge of shooting into an occupied dwelling in violation of Code § 18.2-279, but also presented Probation Officer Carroll's testimony that Nichols was on probation at the time of his arrest and Nichols' own admission that he had

previously been convicted of a felony. The trial court had ample evidence from which it could infer that Nichols was a felon at the time of the offense.[2]

### III. CONCLUSION

We cannot say that the decision of the trial court was plainly wrong or without evidence to support it. Therefore, we affirm Nichols' conviction.

<u>Affirmed.</u>

---

[2] On brief, Nichols also argues that the evidence was insufficient to prove that he was a felon *at the specific time of the offense*. As Nichols did not make this argument before the trial court, we may not address it for the first time on appeal. Rule 5A:18; <u>see also</u> <u>Weidman v. Babcock</u>, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) ("[A] specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.").