COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


MARIO GEORGE PCELINSKI

                                                           MEMORANDUM OPINION[*] BY
v.        Record No. 2366-06-4                 JUDGE JEAN HARRISON CLEMENTS
                                                             FEBRUARY 19, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Michael F. Devine (Devine, Connell & Sheldon, P.L.C., on brief),
for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Mario George Pcelinski (appellant) was convicted in a jury trial of petit larceny third or

subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104.  On appeal, appellant

contends the trial court erred in 1) refusing his Jury Instruction C during the guilt phase of trial;

2) admitting the incident report; and 3) admitting at sentencing prior conviction orders reflecting

sentences imposed.  Finding each of appellant's claims either without merit or procedurally

defaulted, we affirm appellant's conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. JURY INSTRUCTION C

Appellant was charged with a felony under the concealment provisions of Code

§ 18.2-103 and the recidivist provisions of Code § 18.2-104.[1]  The indictment stated:

> On or about the 12th day of November, 2005, [appellant]
> did willfully conceal or take possession of, with the intent to steal
> clothing having a value of less than two hundred dollars
> ($200) . . . after having previously been convicted on two or more
> other occasions [of larceny], or any substantially similar crime.

At the conclusion of all evidence during the guilt phase of trial, appellant proffered Jury

Instruction C, which read:  "Evidence that the defendant was previously convicted of a similar

offense is not proof that he committed the offense for which he is now charged."  The

Commonwealth objected to Jury Instruction C, and the trial court refused it.  Appellant did not

proffer an alternative limiting instruction on the permissible use of prior conviction evidence, nor

did he object specifically to the absence thereof.

The jury was instructed as follows:

> The defendant is charged with willful concealment of
> merchandise as a third or subsequent larceny offense.  The
> Commonwealth must prove beyond a reasonable doubt each of the
> following elements of that crime:

---

[1] Code 18.2-104 reads as follows:

> When a person is convicted of an offense of larceny or any offense
> deemed to be or punished as larceny under any provision of the
> Code, and it is alleged in the warrant, indictment or information on
> which he is convicted, and admitted, or found by the jury or judge
> before whom he is tried, that he has been before convicted in the
> Commonwealth of Virginia or in another jurisdiction for any
> offense of larceny or any offense deemed or punishable as larceny,
> or of any substantially similar offense in any other jurisdiction,
> regardless of whether the prior convictions were misdemeanors,
> felonies or a combination thereof, he shall be confined in jail not
> less than thirty days nor more than twelve months; and for a third,
> or any subsequent offense, he shall be guilty of a Class 6 felony.

(1) That the defendant willfully concealed or took possession of the merchandise[]; and

(2) That the defendant intended to convert the merchandise to his own or to another's use without having paid the full purchase price thereof, or that he intended to defraud the owner of the value of the merchandise; and

(3) That the defendant had no authority to do so; and

(4) That the defendant has at least two prior convictions for larceny offenses.

Other instructions described lesser-included offense verdicts that might result from a finding that the first three elements were proven, but not the fourth.

Appellant was convicted as charged. On appeal, he contends the trial court erred in refusing Jury Instruction C.

The fundamental purpose of any jury instruction is "to inform the jury of the law guiding their deliberations and verdict." Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997). Where, as here, the statute under which a defendant is convicted requires proof of prior convictions in order for its enhanced punishment provisions to become applicable, evidence of such convictions may be introduced and proved at the guilt phase of his trial on the principal offense. Washington v. Commonwealth, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006). Upon request by the accused, an instruction must be given to the jury that evidence of his prior convictions may not be used to prove he committed the principal offense. Woodson v. Commonwealth, 16 Va. App. 539, 540, 541, 431 S.E.2d 82, 83, 84 (1993).

Appellant first contends that Jury Instruction C is a correct statement of law. We disagree. Jury Instruction C states that evidence of prior convictions could not have been used here to prove the applicability of the recidivist provisions of Code § 18.2-104, a purpose for which such evidence is legally competent and admissible. Appellant nevertheless points out that the wording of Jury Instruction C is very similar to the wording of Virginia Model Jury Instruction 2.250, except that where Jury Instruction C reads "that he committed the offense for

- 3 -

which he is now charged," the Model Jury Instruction reads "that he committed (name of offense) on (date)." Contrary to the implications of appellant's argument, this distinction is not merely semantical; the modified wording changes the effective meaning of the proffered instruction. Whereas Virginia Model Jury Instruction 2.250 reflects the principle that prior crimes evidence is not admissible to prove an accused committed the specific acts constituting the principal charge, Jury Instruction C would improperly eviscerate the recidivist provisions of Code § 18.2-104 by rendering proof of prior convictions inadmissible even for its permissible purpose. Accordingly, we conclude that the trial court did not err in rejecting Jury Instruction C in the form it was proffered.

Appellant contends in the alternative that the trial court should have amended Jury Instruction C properly to reflect the evidentiary principle of limited admissibility. See Bell v. Commonwealth, 264 Va. 172, 205, 563 S.E.2d 695, 718 (2002) (agreeing in dicta with the holding of Whaley v. Commonwealth, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973), that "when a principle of law is materially vital to a defendant in a criminal case, a trial court cannot merely refuse a defective instruction, but must correct the instruction and then give it in the proper form"). Assuming here, without deciding, that a separate limiting instruction was "materially vital" in this case, appellant nevertheless cites no authority to support the proposition that the trial court's failure *sua sponte* to amend Jury Instruction C represents reversible error.[2]

---

[2] Each precedent cited by appellant to support his position either presupposes that the party proffering the erroneous instruction timely requested relief in the trial court, or is otherwise inapplicable to the circumstances of the instant case. In Whaley, on which the Bell dicta cited by appellant relies, the Supreme Court of Virginia recognized having "repeatedly held that the accused is entitled to an instruction on the presumption of innocence," and so concluded that "it is reversible error for the trial court to refuse such an instruction *when requested*." 214 Va. at 355, 200 S.E.2d at 558 (emphasis added). Simpson v. Comonwealth, 199 Va. 549, 554-55, 100 S.E.2d 701, 705-06 (1957), also cited by appellant, stands for the proposition that a trial court does not err when it refuses a request for a limiting instruction at the time the evidence is offered, so long as the jury is properly instructed concerning the use of the admitted evidence prior to its deliberations. Jimenez v. Commonwealth, 241 Va. 244, 402 S.E.2d 678 (1991), deals with an

See Hodges v. Commonwealth, 272 Va. 418, 433 n.8, 634 S.E.2d 680, 688 n.8 (2006) (recognizing that "trial courts are 'not required to give [a limiting] instruction [regarding the purpose for which evidence may be considered] *sua sponte*,'" and holding that the right of an accused to a limiting instruction is susceptible to waiver on appeal under Rule 5A:18 (quoting Manetta v. Commonwealth, 231 Va. 123, 127 n.2, 340 S.E.2d 828, 830 n.2 (1986) (alterations in original))). Thus, because appellant did not request that the trial court amend Jury Instruction C for submission to the jury, we will not address the arguments he now raises. See id. at 433, 634 S.E.2d at 688. And although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

## II. THE INCIDENT REPORT

Appellant contends that the trial court erred when it admitted the incident report over an objection that appellant "would like some voir dire." However, each argument appellant makes to support his appellate position is advanced here for the first time. He claims that the grounds for his objection were clear, such that his "general objection will satisfy the contemporaneous objection rule [contained in Rule 5A:18]." We disagree.

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it.

---

erroneous and incomplete jury instruction by which the accused was ultimately convicted. The appellant in Jimenez having failed to preserve his objection in the trial court, Jimenez holds that because the jury instruction "omitted some essential elements of the offense[, and] no evidence was produced relating to those elements," his waiver did not preclude appellate review, since the "ends of justice" provision of 5A:18 is triggered where an accused is "convicted of a non-offense." Id. at 251, 402 S.E.2d at 681-82. The Jimenez holding is wholly inapplicable in the instant case.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (emphasis in original), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). It cannot be said that the trial court could know from appellant's objection what particular point was being made. Accordingly, we will not address his arguments on appeal.

### III.  ADMISSION OF PRIOR SENTENCES IMPOSED

Appellant also contends for the first time on appeal that the trial court erred in admitting conviction orders containing prior sentences imposed during the penalty phase of his trial. Conceding that he did not preserve this objection, he asserts that "[t]he ends of justice require the [appellate] court to consider this issue." Appellant points out that the Supreme Court of Virginia held in Gillespie v. Commonwealth, 272 Va. 753, 636 S.E.2d 430 (2006), that Code § 19.2-295.1 as it was then written precluded the admission of prior sentencing information during the penalty phase of trial. Thus, the statute as it was construed in Gillespie was the controlling authority at the time of appellant's trial and to admit such evidence was error, he concludes. We note, however, that the legislature has since amended Code § 19.2-295.1 explicitly to allow the admission of prior sentencing information. Therefore, we are aware of no reason to believe that the admission of prior sentencing information here represents a miscarriage of justice that should invoke the exception provisions of Rule 5A:18. Thus, appellant having defaulted his objection, we will not address his appellate arguments.

### IV.  CONCLUSION

Because the trial court did not err in refusing Jury Instruction C, and because Rule 5A:18 bars our consideration of appellant's other arguments, we affirm the judgment of the trial court and appellant's conviction.

Affirmed.