COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

ARTHUR CLINTON, S/K/A
 CLINTON ARTHUR, JR.

                                              MEMORANDUM OPINION* BY
v.        Record No. 0184-16-1               JUDGE ROBERT P. FRANK
                                                  APRIL 18, 2017
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Mary Jane Hall, Judge

        James S. Ellenson for appellant.

        Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Arthur Clinton, s/k/a Clinton Arthur, Jr., (appellant) was convicted, by a jury, of possession

of a firearm by a person previously convicted of a violent felony in violation of Code

§ 18.2-308.2(A).  On appeal, he contends the trial court erred in allowing the Commonwealth to

introduce appellant's prior conviction order when appellant offered to stipulate that he previously

had been convicted of a violent felony.  For the reasons stated, we affirm the trial court's judgment.

                                      BACKGROUND

        The relevant facts are not controverted.  Under Code § 18.2-308.2(A), an element of the

present offense is that the accused previously had been convicted of a violent felony.[1]  When the

Commonwealth offered the actual conviction order indicating appellant had been convicted of

robbery, appellant objected and indicated he would stipulate to that element of the offense.  The

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant does not contest that he had been convicted of such a felony.

Commonwealth objected to the stipulation. The trial court refused to accept the stipulation and received the conviction order as an exhibit which was submitted to the jury.

This appeal followed.

ANALYSIS

While appellant acknowledges that the court is not required to accept a stipulation concerning a previous felony conviction under Code § 18.2-308.2, he contends the body of law in this Commonwealth as to stipulations has been overruled by Old Chief v. United States, 519 U.S. 172 (1997). Essentially, appellant argues the probative value of the actual conviction order is outweighed by the unfair prejudice of the order.

"[W]e review a trial court's decision to admit or exclude evidence using an abuse of discretion standard . . . ." Harman v. Honeywell Int'l, Inc., 288 Va. 84, 97, 758 S.E.2d 515, 523 (2014) (quoting John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (quoting Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

Our case law has addressed stipulation versus the actual evidence on numerous occasions. In Glover v. Commonwealth, 3 Va. App. 152, 348 S.E.2d 434 (1986), which also involved proof under Code § 18.2-308.2(A), the accused offered to stipulate that he had a prior felony conviction. We held:

> The Commonwealth, however, is not obligated to enter into an agreement whereby it is precluded from putting on its evidence simply because the defendant is willing to make a qualified stipulation. The trial court correctly ruled that the Commonwealth was entitled to prove the indictment, and the evidence of Glover's

- 2 -

> prior conviction for robbery was properly received for that purpose. Glover's willingness to stipulate does nothing to change the conclusion.

Id. at 162, 348 S.E.2d at 441. Glover continues to be the law of the Commonwealth. Appellant does not contest this, but he argues Old Chief overrules Glover and its progeny.

In Old Chief, the accused was charged with possession of a firearm by a convicted felon, in violation of federal law. He also was charged with assault with a dangerous weapon and using a firearm in a crime of violence. At trial, the accused offered to stipulate his prior felony conviction. The district court allowed the introduction of the conviction order. Relying on Federal Rule of Evidence 403, which authorizes exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," the Supreme Court, in a five-four decision, concluded the probative value of the conviction record itself was outweighed by the substantial risk of prejudice to the accused. Old Chief, 519 U.S. at 191.

To the extent appellant contends the introduction of the conviction order is prejudicial, Essex v. Commonwealth, 18 Va. App. 168, 442 S.E.2d 707 (1994), is dispositive. We held in Essex that even though Code § 18.2-308.2(A) only required proof of a prior conviction for a "felony," the trial court did not err in allowing evidence that specified the defendant had been convicted previously of "murder." Id. at 172, 442 S.E.2d at 710. "Where a necessary element of the Commonwealth's case is that the accused is a convicted felon, evidence which tends to directly prove that fact cannot be excluded on the ground that its proof is prejudicial to the accused." Id.; see also Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962) (stating that if evidence showing defendant committed other offenses "tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded

merely because it also shows him to have been guilty of another crime" (quoting Day v. Commonwealth, 196 Va. 907, 914, 86 S.E.2d 23, 26 (1955))); Hall v. Commonwealth, 143 Va. 554, 561, 130 S.E. 416, 418-19 (1925) ("The law will not permit one accused of crime to go unpunished simply because the Commonwealth cannot prove his guilt without bringing in some evidence which tends to show that he has committed other crimes.").

Such prejudice, if any, may be alleviated by a jury instruction limiting the purpose for which the evidence is offered. Woodson v. Commonwealth, 16 Va. App. 539, 541, 431 S.E.2d 82, 84 (1993) (holding that cautionary jury instruction must be given when requested by defendant). In the instant case, the trial court offered to instruct the jury that the jury may consider the prior conviction only for the purpose of establishing that the accused is a convicted felon and not to consider it as character evidence or that the accused committed the charged offense. Essentially, the trial court would have instructed the jury exactly what appellant agreed to stipulate – that he had been convicted of a prior offense.

Appellant never requested such an instruction, nor did he move for a mistrial. He cannot now claim prejudice, having rejected the opportunity to resolve any possible prejudice. See generally Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (party may not invite error "and then attempt to take advantage of the situation created by his own wrong"; defendant could not properly argue on appeal that assault and battery of law enforcement officer was not lesser-included offense of attempted capital murder of law enforcement officer, given his frequent contentions at trial that assault and battery was lesser-included offense).

Unless a defendant has made a timely motion for a cautionary instruction or for a mistrial, we will not consider his assignments of error alleging that improper remarks were made by the prosecutor. Sheppard v. Commonwealth, 250 Va. 379, 394-95, 464 S.E.2d 131, 140-41 (1995).

At oral argument, appellant contended that since our Rule of Evidence 2:403 was adopted from the Federal Rule of Evidence 403, we are bound by the United States Supreme Court's interpretation of the rule. Our Rule of Evidence 2:403 states in part:

Relevant evidence may be excluded if:

    (a) the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact . . . .

However, we need not address whether we are bound by Old Chief, which interprets a federal/non-constitutional rule of evidence. Since we conclude that appellant cannot now argue prejudice, a main component of both the federal and Virginia rules of evidence, our inquiry ends. We are obligated to resolve this case on the narrowest and best grounds available. See Commonwealth v. Swann, 290 Va. 194, 196, 776 S.E.2d 265, 267 (2015) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010))).

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.