COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Russell and AtLee
Argued at Richmond, Virginia

JOSEPH CARROLL BUSH

v.      Record No. 1628-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
MARCH 5, 2019

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge Designate

Lauren Whitley, Deputy Public Defender, for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant Joseph Bush was tried by a jury and found guilty of possession of a firearm by a

person previously convicted of a violent felony in violation of Code § 18.2-308.2.  On appeal, he

argues that the "trial court erred in admitting evidence of the nature and number of Mr. Bush's prior

felony convictions during the guilt phase of his trial" when Bush had offered to stipulate to having

been convicted of a violent felony.

I. BACKGROUND

On April 6, 2017, Bush was tried by a jury for possession of a firearm by a convicted violent

felon.  Immediately after the parties' opening statements (during which the Commonwealth stated

that Bush "has been convicted of armed robbery"), the Commonwealth moved to introduce a

redacted sentencing order, dated April 25, 2012, showing Bush's previous convictions for robbery

and use of a firearm in the commission of a robbery for events that occurred on March 23, 2011.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The portion of the order stating the sentence imposed was redacted. Bush objected to the admission of the sentencing order, stating that Bush was willing to stipulate to having been convicted of a violent felony.[1] He argued that since he was willing to make such a stipulation, "the certified conviction sentencing order is not relevant. . . . There is no probative value given the fact that we are willing to stipulate that he's been convicted of a violent felony." Bush also argued the probative value of the sentencing order was greatly outweighed by its prejudice, especially since the sentencing order showed two convictions instead of just one. The trial judge answered, "I think the law in Virginia is that neither the Commonwealth nor the defendant is required to accept a stipulation. That's the law in Virginia. So I have to ask if the Commonwealth accepts the stipulation?" The Commonwealth rejected the stipulation, the judge then denied Bush's motion to exclude, and the redacted sentencing order was admitted into evidence. Bush was ultimately found guilty and sentenced to five years of incarceration.

## II. ANALYSIS

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" Michels v. Commonwealth, 47 Va. App. 461, 465 (2006) (quoting Breeden v. Commonwealth, 43 Va. App. 169, 184 (2004)). "[A] trial court 'by definition abuses its discretion when it makes an error of law . . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Booker v. Commonwealth, 60 Va. App. 35, 40 (2012) (quoting Porter v. Commonwealth, 276 Va. 203, 260 (2008)).

---

[1] Bush had filed a "Motion to Exclude Prejudicial Collateral Evidence of Defendant's Prior Conviction" three days prior to trial. In that motion, he argued that evidence of his prior convictions should be excluded because he was willing to stipulate that he had been convicted of a felony. The Commonwealth filed a response on April 5, 2016, the day prior to trial. The trial judge addressed this motion after Bush objected to the introduction of the sentencing order at trial.

In this appeal of his conviction, Bush argues that the sentencing order showing his previous convictions should have been excluded based on Virginia Rule of Evidence 2:403.  That Rule states:

> Relevant evidence may be excluded if:
> (a) The probative value of the evidence is substantially outweighed
> by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing
> or misleading the trier of fact; or
> (b) the evidence is needlessly cumulative.

Bush argues that the evidence should have been excluded under each of the three reasons provided in the Rule.  First, he contends the probative value was substantially outweighed by the danger of unfair prejudice, especially because one of Bush's previous convictions was use of a firearm and he was on trial for a firearm offense.  He argues that this similarity made the jury likely to convict him based on his prior bad acts as opposed to the evidence related to the offense for which he was then charged.  Bush notes that this was the reason that the United States Supreme Court reversed a conviction based on Federal Rule of Evidence 403 (which is substantially similar to Virginia Rule of Evidence 2:403) in Old Chief v. United States, 519 U.S. 172 (1997).[2]  Second, Bush argues that there was a likelihood that the jury would be misled by the information of the prior convictions, and the jury's passions would be inflamed because the prior convictions would encourage them to assume that "once a violent felon, always a violent felon."  Third, Bush contends that because the sentencing order included two convictions, the evidence was needlessly cumulative.

Bush also argues that, with his offer to stipulate to being a convicted violent felon, the sentencing order was rendered irrelevant because it retained no probative value, and thus should have been inadmissible.  Bush contends the only reason the Commonwealth had for seeking to admit the sentencing order was to poison or inflame the minds of the jury as to his character.  He alleges that the Commonwealth relied on the previous conviction inappropriately, citing the

---

[2] Bush argues that this Court should consider Old Chief to be persuasive authority in its interpretation of the Virginia Rules of Evidence.

prosecutor's reference to "armed robbery" during his opening statement[3] at trial and reference to robbery in a jury instruction and verdict form.

Bush argues that Virginia Rule of Evidence 2:403 should be interpreted in the same manner as Federal Rule of Evidence 403. However, when the Virginia Rules of Evidence were adopted in 2012, they expressly provided that they were not intended to abrogate or overturn existing case law. The Rules were

> adopted to implement established principles under the common law and not to change any established case law rendered prior to the adoption of the Rules. Common law case authority, whether decided before or after the effective date of the Rules of Evidence, may be argued to the courts and considered in interpreting and applying the Rules of Evidence.

Va. R. Evid. 2:102. Virginia case law prior to the adoption of the Virginia Rules of Evidence, therefore, still applies.

In Glover v. Commonwealth, 3 Va. App. 152 (1986), which was summarily affirmed by the Supreme Court in Glover v. Commonwealth, 236 Va. 1 (1988), Glover made a similar argument to the one made by Bush in the case now before us. Glover was convicted of being a felon in possession of a weapon in violation of Code § 18.2-308.2(A). On appeal, Glover argued, *inter alia*, that the trial court erred by allowing the Commonwealth to introduce the specific nature of his prior felony conviction for robbery when he offered to stipulate that he had a prior conviction of the type required by Code § 18.2-308.2(A). This Court (and the Supreme Court through its summary affirmance) rejected Glover's argument. Noting that Code § 18.2-308.2(A) required proof of specifically enumerated felonies, the Court held that "[t]he Commonwealth . . . is not obliged to enter into an agreement whereby it is precluded from putting on its evidence simply because the

---

[3] Bush complains that the Commonwealth made inappropriate reference to his robbery conviction during opening statements. However, the record does not reflect that Bush objected to such statements during or at any point after the statements were made.

defendant is willing to make a qualified stipulation. The trial court correctly ruled that the Commonwealth was entitled to prove the indictment . . . ." Glover, 3 Va. App. at 162.

In Essex v. Commonwealth, 18 Va. App. 168 (1994), this Court again recognized that the Commonwealth was permitted to reject a defendant's proposed stipulation and introduce evidence of a prior conviction. Essex was convicted of being a felon in possession of a firearm in violation of Code § 18.2-308.2(A). On appeal, Essex argued, *inter alia*, that the trial court erred in allowing the Commonwealth to admit the specific nature of his prior felony conviction for murder, especially when the Commonwealth could have offered a copy of Essex's prior burglary conviction order instead of the murder conviction. Although Code § 18.2-308.2(A) had been amended since Glover so that the Commonwealth no longer needed to prove a specifically enumerated felony but only had to show conviction of any felony, this Court found that the change in the statute did not require a different outcome than in Glover. "The Commonwealth is not required to accept a stipulation. The most efficient way to prove the prior felony conviction is to offer in evidence an authenticated copy of the prior order of conviction." Essex, 18 Va. App. at 171. Further, relying on Pittman v. Commonwealth, 17 Va. App. 33 (1993), where the Court held that the Commonwealth can prove multiple convictions when it only is required to prove one, this Court in Essex held, "It follows that if the Commonwealth can prove multiple convictions when it only needs to prove one, the Commonwealth may select any one of the prior convictions to prove its case." Id. at 172. The Court noted that any "prejudice may be alleviated by a jury instruction limiting the purpose for which the evidence is offered." Id.

The precedents provided in Glover and Essex, taken in conjunction with the express statement in Rule 2:102 that the Virginia Rules of Evidence did not change case law, make clear that "[t]he Commonwealth is not required to accept a stipulation." Essex 18 Va. App. at 171. Instead, this Court has consistently held that, where there are concerns that evidence may be

unfairly prejudicial, a limiting or clarifying instruction is the appropriate remedy. See Sheppard v. Commonwealth, 250 Va. 379, 394-95 (1995); Thomas v. Commonwealth, 44 Va. App. 741, 751, adopted upon reh'g en banc, 45 Va. App. 811 (2005); Essex, 18 Va. App. at 172; Woodson v. Commonwealth, 16 Va. App. 539, 541 (1993); Clinton v. Commonwealth, No. 0184-16-1, at *2 (Va. Ct. App. Apr. 18, 2017). The Commonwealth, in its "Response to Motion to Exclude Evidence of Prior Conviction" made prior to trial, provided a sample limiting instruction that could have been provided to the jury.[4] The record does not reflect that at any time Bush requested that a limiting or clarifying instruction be given informing the jury of the limited purpose for which his prior sentencing order was admitted.[5] Bush cannot now on appeal claim prejudice after having rejected the opportunity at trial to resolve such prejudice. Consequently, because Bush sought no such limiting or clarifying instruction, Bush cannot prevail on appeal and we do not need to reach his other arguments, including his argument about Old Chief, which addresses a federal, nonconstitutional rule of evidence.[6]

---

[4] The Commonwealth's suggested jury instruction, derived from Virginia Criminal Model Jury Instruction No. 2.250, stated, "Evidence that the defendant was previously convicted of robbery is not proof that he possessed a firearm on November 14, 2016, and such evidence may not be considered by you in determining whether the defendant possessed a firearm on November 14, 2016."

[5] Bush argues on appeal that he was not required to request a cautionary instruction or a mistrial because those actions are reserved for times when evidence is admitted in error. Bush contends on brief that, since the trial court found the evidence was not erroneously admitted, no mistrial or cautionary instruction was warranted. However, Bush at trial and on appeal argues that his prior sentencing order *was* admitted erroneously at trial. Bush's argument is circular, and, in any event, runs counter to settled case law. See Sheppard, 250 Va. at 394-95; Thomas, 44 Va. App. at 751; Essex, 18 Va. App. at 172; Woodson, 16 Va. App. at 541.

[6] Our jurisprudence dictates that we should resolve cases on appeal on the narrowest and best grounds available. See Commonwealth v. Swann, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4 (2010))); Luginbyhl v. Commonwealth, 48 Va. App. 58, 64 (2006) (*en banc*).

III. Conclusion

In short, it is well established that the Commonwealth is not required to accept a defendant's offered stipulation, even when there are multiple convictions which the Commonwealth could choose to admit into evidence. At trial, Bush failed to request a limiting or clarifying instruction which could have addressed his concerns for any undue prejudice that he argues arose from the admission into evidence of the redacted sentencing order. For these reasons, the trial court did not err in admitting the sentencing order showing Bush's previous convictions despite Bush's offer to stipulate to being previously convicted of a violent felony. Therefore, we affirm Bush's conviction for possession of a firearm by a previously convicted violent felon under Code § 18.2-308.2.

<u>Affirmed.</u>